SCAP-12-0000392

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

———————————————————————————————————

STATE OF HAWAIʻI
Petitioner/Plaintiff-Appellee,

vs.

JEFFREY BORTEL,
Respondent/Defendant-Appellant.

———————————————————————————————————

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CAAP-12-0000392; CASE NO. 1DTC-11-020521)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Respondent/Defendant-Appellant Jeffrey Bortel

(Defendant) seeks review of the March 19, 2012 Notice of Entry of

Judgment and/or Order and Plea/Judgment of the district court of

the first circuit (the court)[1] that adjudged Defendant guilty of

Excessive Speeding, Hawaiʻi Revised Statutes (HRS) § 291C-

105(a)(1) (2007 & Supp. 2008).[2]  Petitioner/Plaintiff-Appellee

———————————————

[1]     The Honorable T. David Woo, Jr. presided.

[2]     HRS § 291C-105, entitled "Excessive speeding," provides in
relevant parts as follows:

        (a) No person shall drive a motor vehicle at a speed
        exceeding:
        (1)   The applicable state or county speed limit by

the State of Hawaiʻi (the State) filed an application for transfer on October 26, 2012.  On November 21, 2012 this court accepted transfer of the case.  We vacate the court's March 19, 2012 Notice of Entry of Judgment and/or Order and Plea/Judgment, and instruct the court to dismiss the charge without prejudice.

                                    I.

On January 1, 2012, Defendant was cited for excessive speeding for traveling seventy-three miles per hour in a thirty-five mile per hour speed zone, HRS § 291C-105(a)(1) (2007).

Defendant was arraigned and charged on March 19, 2011. The oral charge did not allege a state of mind for the offense:

> [THE STATE]:  On or about January 1, 2011, in the City and County of Honolulu, [S]tate of Hawai[ʻ]i, you did drive a motor vehicle at a speed exceeding the applicable state or county speed limit by 30 miles per hour or more thereby violating Section 291C Subsection 105([a])(1) of the [HRS].  This is your first offense in the last five years.  How do you plead -- do you understand the charge against you?
> [DEFENDANT]:  Yes, I do.
> THE COURT:  And how do you plead?
> [DEFENDANT]:  Not guilty.

Following his arraignment, Defendant's defense counsel orally moved to dismiss the charge for failure to include the requisite state of mind for the offense:

> [DEPUTY PUBLIC DEFENDER]:  Your Honor, before we begin defense would be making an oral motion to dismiss for defective complaint, a failure to state a state of mind.  There is a current case pending in the supreme court, the Nesmith case, that addresses this exact issue.  So we'd ask to dismiss due to defective complaint.
> [THE STATE]:  Uh, the -- it's the State's understanding that the Nesmith case concerns [HRS §] 291E-61 and not the section at issue today.
> [DEPUTY PUBLIC DEFENDER]:  Also, Your Honor, there's no definition of "public street" stated in the complaint, so we'd

thirty miles per hour or more[.]

2

> also ask for dismissal on that.
>     [THE STATE]: Um, all -- all definitions in this section fall under [HRS §] 291C-1 unless otherwise specified.

The court summarily denied the motion.

At the conclusion of the bench trial, the court found Defendant guilty as charged.

In his opening brief, Defendant raised three points of error:

> 1.  The district court erred in denying [Defendant's] motion to dismiss because the oral charge failed to allege the requisite mens rea.
>
> 2.  The district court violated [Defendant's] constitutional right to testify when it failed to properly advise him of his right pursuant to Tachibana v. State[, 79 Hawaiʻi 226, 900 P.2d 1293 (1995)] and ensure whether [Defendant's] waiver of such right was voluntary and knowing.
>
> 3.  The [court] erred because the State did not establish sufficient foundation for the accuracy of the speed reading and that Officer Maeshiro was qualified to operate the Ultralyte laser.

The State answered each point of error:

1.  As to point one, the State argues that HRS § 291C-105(a) describes an absolute liability offense for which the state of mind requirements of HRS § 702-204 (1993)[3] do not apply.  The State argues that a negligent state of mind may be specified by the definition of an offense but cannot be incorporated into an offense through HRS § 702-204.

---

[3]   HRS § 702-204 provides as follows:

> Except as provided in section 702-212, a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense.  When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

2. As to point two, the State concedes the <u>Tachibana</u> issue.

3. As to point three, the State argues that sufficient foundation was laid to admit the speed reading as substantial evidence of Defendant's speed.

The State filed an application for transfer on October 26, 2012.

The State sought a mandatory transfer pursuant to HRS § 602-58(a)(1).[4] The State asserted that Defendant's first point of error (whether a charge for excessive speeding must set forth the state of mind requirements) implicates a question of fundamental public importance.

The State also sought a discretionary transfer pursuant to HRS § 602-58(b)(1).[5] The State asserted that issues of whether HRS § 291C-105(a) constitutes an absolute liability offense so that the state of mind requirements of HRS § 702-204 do not apply or whether absolute liability may plainly appear from the language of a statute itself have never been addressed.[6]

II.

On July 19, 2012, this court accepted an application

---

[4] HRS § 602-58(a)(1) provides in relevant part that "[t]he supreme court, in the manner and within the time provided by the rules of court, shall grant an application to transfer any case within the jurisdiction of the intermediate appellate court to the supreme court upon the grounds that the case involves""a question of imperative or fundamental public importance."

[5] HRS § 602-58(b)(1) provides in relevant part that "[t]he supreme court . . . may grant an application to transfer . . . upon grounds that the case involves" "a question of first impression or a novel legal question."

[6] Because our ruling on Defendant's first point of error disposes of the case, we do not reach his remaining questions raised on appeal.

4

for transfer in State v. Gonzalez, No. SCAP-11-0000500, 128 Hawaiʻi 314, 288 P.3d 788, 2012 WL 5970946 (Nov. 28, 2012), which presented identical issues with respect to the sufficiency of a charge of excessive speeding.  A published opinion in Gonzalez was filed on November 28, 2012.

III.

Logically, the discretionary issue pertaining to strict liability must be answered first.  The State raises nearly identical arguments to those it raised in Gonzalez regarding strict liability.  In Gonzalez, we held that "neither the plain language of the statute nor the legislative history supported the State's contention that HRS § 291C-105(a) is a strict liability offense."  2012 WL 5970946 at *9 (citing State v. Buch, 83 Hawaiʻi 308, 316, 926 P.2d 599, 607 (1996)).  Therefore, "HRS § 702-204 applies to HRS § 291C-105(a)," and "the State must prove that a defendant acted intentionally, knowingly, or recklessly," in a charge of excessive speeding.  Id. (citing Buch, 83 Hawaiʻi at 316, 926 P.2d at 607).  HRS § 291C-105(a) then is not a strict liability offense, but instead requires that the State prove that a defendant acted intentionally, knowingly, or recklessly.  Id.

IV.

The mandatory transfer issue in the instant case was also raised in Gonzalez.  In Gonzalez, "after the charge was read, Defendant orally moved to dismiss the charge, arguing that the oral charge 'fail[ed] to state the requisite state of mind'

5

under HRS § 702-204." Id. at *1.[7] The State "responded by arguing that a defendant's state of mind is not an element of an offense, and, as such, need not be alleged in an oral charge." Id. The district court "denied Defendant's motion, ruling that when a statute does not expressly set forth the culpable state of mind, but rather imports the mens rea element from [HRS § 702-212], that 'obviates the need of the [S]tate to articulate a state of mind.'" Id. In Gonzalez, the State agreed that, if HRS § 291C-105(a) contains a mens rea requirement, then the oral charge in that case was insufficient under State v. Nesmith, 127 Hawaiʻi 48, 276 P.3d 617 (2012). Gonzalez, 2012 WL 5970946 at *9.

This court held in Gonzalez that, "as in Nesmith, the defendant objected to the failure to allege the requisite state of mind at trial." Id. at *9 (citing Nesmith, 127 Hawaiʻi at 51, 276 P.3d at 620.). Gonzalez stated that in Nesmith, "this court reasoned that 'state of mind requirements, though not an element of an offense" were required to be included in the charges against the defendant in order 'to alert the defendants of precisely what they needed to defend against to avoid a conviction.'" Id. (quoting Nesmith, 127 Hawaiʻi at 56, 276 P.3d at 625.)). According to Gonzalez, Nesmith "held that the state of mind must be included in a charge or the case must be

---

[7] In this case, as in Gonzalez and Nesmith, the defendant objected to the failure to allege the requisite state of mind at trial. See Gonzalez, 2012 WL 5970946 at *9 ("In this case, as in Nesmith, the defendant objected to the failure to allege the requisite state of mind at trial.")

6

dismissed without prejudice." Id. (citing Nesmith, 127 Hawai'i at 54, 276 P.3d at 623)). Because the charge in Gonzalez did not refer to the requisite states of mind, Nesmith "mandate[d] dismissal without prejudice." Id. Likewise, the absence of an allegation of the requisite states of mind in the instant case requires dismissal of the excessive speeding charge without prejudice.

V.

Based on the foregoing, we vacate Defendant's conviction and remand this case to the court with instructions to dismiss the charge without prejudice, because HRS § 291C-105(a) is not a strict liability offense and the oral charge herein failed to allege the requisite states of mind.

DATED: Honolulu, Hawai'i, February 25, 2013.

Brandon H. Ito,
for petitioner

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

Evan S. Tokunaga,
for respondent,
on the briefs

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



7